RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 4/1/16
BY jbl

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **LAWRENCE SAMUELS** | **CIVIL ACTION NO. 1:15-00111** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **T G WERLICH** | **MAG. JUDGE PEREZ-MONTES** |

### MEMORANDUM ORDER

On February 1, 2016, Magistrate Judge Perez-Montes issued a Report and Recommendation (R. #16) recommending that the above captioned petition for writ of *habeas corpus* be denied and dismissed with prejudice. Plaintiff, Lawrence Samuels, objected to the Magistrate Judge's recommendation. Specifically, Samuels complains that he requested that his staff representative Officer Rodriguez present the surveillance video at his first DHO[1] hearing. He also remarks that at his initial UDC[2] hearing, he requested that the video surveillance tape be preserved for review at his DHO hearing. At the first DHO hearing, Samuels asked Officer Rodriguez about the surveillance video and found out that Rodriguez had not obtained it to be viewed at the hearing. Officer Rodriquez informed Samuels that he would not need the surveillance video. The surveillance video was also not produced at the second DHO hearing even though Samuels requested it; Samuels was informed that it was no longer available.

Samuels maintains that his due process rights have been violated because the video surveillance would have shown that Officer Daniel did not react in a manner that an officer would have reacted if he had been threatened, and that Officer Daniel did not escort Samuels to the Lieutenant's Office as he stated in his incident report.

---

[1] Disciplinary Hearing Officer.
[2] Unit Disciplinary Committee.

1

In his report, Magistrate Judge Perez-Montes found that there was no due process right violation because the surveillance video would have been cumulative explaining that Samuels had the benefit of Officer Wilson's statement and Inmate Ray's testimony that were both favorable to Samuels. Officer Wilson's brief statement merely stated that he did not witness anything, which I presume to be the alleged "threatening" body language. Inmate Ray testified that "there was no altercation."

I find that the surveillance video would not have been cumulative, but would have conclusively proven without a doubt what transpired between Officer Daniels and Samuels, and potentially exonerated Samuels of the acts charged against him. I therefore conclude that the refusal to produce and review the surveillance video is a violation of Samuels' due process rights.[3]

In accordance with the above, it is

**ORDERED** that the Report and Recommendations of the Magistrate Judge is hereby rejected, and the matter is remanded to Magistrate Judge Perez-Montes for further proceedings consistent with this opinion including setting a trial scheduling conference.

**THUS DONE AND SIGNED** in chambers on this 1st day of April, 2016.

JUDGE JAMES T. TRIMBLE, JR.
**UNITED STATES DISTRICT JUDGE**

---

[3] Howard v. U.S. Bureau of Prisons, 487 F.3d 808 (10th Cir. 2007)(Prison officials' refusal to produce and consider videotape, which prisoner contended would exonerate him as to disciplinary charges, violated prisoner's due process rights, where officials offered no reason that producing videotape would be hazardous to institutional safety; legal obligation of prison staff to tell truth did not render videotape cumulative).

2